JUDGE CASTEL

**07 CV 4602**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

MAY 31 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
J.S. VOLGA SHIPPING COMPANY,           :
                                        :
                                        :
                                        :
              Plaintiff,                :  07 Civ.        (   )
                                        :
         - against -                    :  **VERIFIED COMPLAINT**
                                        :
                                        :
CENTRAMET TRADING S.A.,                 :
                                        :
              Defendant.                :
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, J.S. Volga Shipping Co., (hereinafter referred to as "Volga" or "Plaintiff") by and through its attorneys, Nourse & Bowles, LLP, and for its verified Complaint against the Defendant, Centramet Trading S.A. (hereinafter referred to as "Centramet" or "Defendant") alleges, upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code §1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Russia with a place of business in Nizhny, Novgorod, Russia.

3. Plaintiff was, at all material times, the registered owner of the commercial motor vessels the M/V Sormovsky - 3048, the M/V Sovetskaya Rodina, the M/V Druzhba Narodov (hereinafter referred to as the "Vessels").

4. Upon information and belief, Defendant Centramet was, and still is, a foreign corporation, or other business, duly organized and operating under the laws of a foreign country with a place of business in Geneva, Switzerland.

5. Pursuant to voyage charter parties dated May 3, 2006, May 28, 2006 and May 26, 2006, respectively, Plaintiff chartered its Vessels to Centramet for the carriage of steel scrap cargoes in bulk.

6. During the course of the aforesaid charter parties disputes arose regarding unpaid demurrage[1] and repair expenses owed by Defendant to Plaintiff in the amount of $52,671.00.

7. Despite due demand Defendant has failed to pay the amounts due and owning under the charter parties.

---

[1] Demurrage is time used for loading or discharging cargo beyond the contractually agreed upon duration (referred to as "laytime") and if the demurrage is attributable to delays caused by a vessel's charterer than the vessel owner may seek to be compensated for the time lost to the vessel thereby at the agreed upon contractual rate.

8. The charter parties all provide that disputes will be settled by arbitration in London with English law to apply. Plaintiff has or will commence London arbitration against Centramet on its claims.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings conducted pursuant to English law (LMAA terms). As best as can now be estimated, Plaintiff expects to recover the following amounts in London arbitration:

| | | |
|---|---|---|
| A. | Unpaid demurrage and repair costs: | $52,671.00 |
| B. | 3 years interest at 8.5% per annum: | $13,431.00 |
| C. | Arbitration costs: | $30,000; and |
| D. | Attorneys' fees: | $50,000.00 |
| | Total: | $146,102.00 |

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to HSBC (USA), Bank of America, Duetsche Bank, Wachovia, Citibank, American Express

Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank and/or BNP Paribas which are believed to be sent by or due and owing to the Defendant.

11.   The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of maritime Attachment and Garnishment pursuant o Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to HSBC (USA), Bank of America, Duetsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank and/or BNP Paribas which are sent by or due and owing to the Defendant in the amount of $146,102.00 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear

and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  D. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
   May 31, 2007

          NOURSE & BOWLES, LLP
          Attorneys for Plaintiff

          By: _____
          Shaun F. Carroll (SC-9898)
          One Exchange Plaza
          At 55 Broadway
          New York, NY 10006-3030
          (212) 952-6200

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

SHAUN F. CARROLL, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

*[signature: Shaun Carroll]*

Sworn to before me this
31st day of May, 2007

*[signature: Jane Colasurdo]*
Notary Public

JANE COLASURDO
Notary Public, State Of New York
No. 31-4786002
Qualified in New York County
Commission Expires April 30, 2011