JUDGE CASTEL

**07 CV 4602**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
J.S. VOLGA SHIPPING COMPANY,                    :
                                                :
                                                :
                Plaintiff,                      :   07 Civ.        (    )
                                                :
        - against -                             :
                                                :
                                                :
CENTRAMET TRADING S.A.,                         :
                                                :
                Defendant.                      :
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES OF THE SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND MARITIME CLAIMS
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Plaintiff, J.S. Volga Shipping Company, ("Plaintiff") respectfully submits this Memorandum of Law in support of its application for an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules

of Civil Procedure in connection with Plaintiff's admiralty and maritime claims in the amount of $146,102.00 resulting from breach of a charter party.

## STATEMENT OF FACTS

Plaintiff was, at all material times, the registered owner of the commercial motor vessels the M/V Sormovsky - 3048, the M/V Sovetskaya Rodina, the M/V Druzgva Narodov (hereinafter referred to as the "Vessels").

Pursuant to voyage charter parties dated May 3, 2006, May 28, 2006 and May 26, 2006, respectively, Plaintiff chartered its Vessels to Defendant Centramet for the carriage of steel scrap cargoes in bulk.

During the course of the aforesaid charter parties disputes arose regarding unpaid demurrage[1] and repair expenses owed by Defendant to Plaintiff in the amount of $52,671.00.

Despite the demand Defendant has failed to pay the amounts due and owning under the charter parties.

The charter parties all provide that disputes will be settled by arbitration in London with English law to apply. Plaintiff has or will commence London arbitration against Centramet on its claims.

---

[1] Demurrage is time used for loading or discharging cargo beyond the contractually agreed upon duration (referred to as "laytime") and if the demurrage is attributable to delays caused by a vessel's charterer than the vessel owner may seek to be compensated for the time lost to the vessel thereby at the agreed upon contractual rate.

2

Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings conducted pursuant to English law (LMAA terms). As best as can now be estimated, Plaintiff expects to recover the following amounts in London arbitration:

| | | |
|---|---|---|
| A. | Unpaid demurrage and repair costs: | $52,671.00 |
| B. | 3 years interest at 8.5% per annum: | $13,431.00 |
| C. | Arbitration costs: | $30,000; and |
| D. | Attorneys' fees: | $50,000.00 |
| | Total: | $146,102.00 |

**ARGUMENT**

**AN ORDER AUTHORIZING THE ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT SHOULD
BE GRANTED PURSUANT TO SUPPLEMENTAL RULE B(1)
TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS
IN THE HANDS OF NON-PARTIES TO THIS ACTION**

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B(1)"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the district:

> With respect to any admiralty or maritime claim <u>in personam</u> a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiff's claim arises under a charter party which is maritime contract and therefore is a claim within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, <u>The Law of Admiralty</u> 22, n. 65 (2d ed. 1975); 1 <u>Benedict On Admiralty</u> § 184 at 12-11 (7th rev. ed. 2002). <u>Vietrix S.S. Co., S.A. v. Salen Dry Cargo A.B.</u>, 825 F.2d 709, 713 (2d Cir. 1987); <u>CTI-Container Leasing Corp. v. Oceanic Corp.</u>, 682 F.2d 377, 380, n.4 (2d Cir. 1982). Because Plaintiff possesses a maritime claim, it may secure a maritime attachment pursuant to Supplemental Rule B(1) against all assets and property (up to the amount of the claim) belonging to Defendant which may be situated within the district "if the defendant[s] shall not be found within the district." Supplemental Rule B(1).

Application for a maritime attachment is <u>ex parte</u> and no advance notice is required.

As stated in the 1966 Advisory Committee Notes to Supplemental Rule B, no notice was provided for because "[n]one is required by the principles of due process,

since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant." In their comments on the 1985 Amendment, the Committee noted that Supplemental Rule B was amended to provide for judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . ." Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated.

Id.

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no requirement for notice under Local Rule B.2. If Rule B.1[2] were interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the very purpose of maritime security in a case against a foreign or transient defendant. Therefore, Plaintiff may proceed *ex parte* and provide notice promptly <u>after</u> a successful attachment.

---

[2] Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry. If the defendant cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02[2][b] (Matthew Bender 3d ed.). As explained in the accompanying Affidavit of Shaun F. Carroll, dated May 31, 2007, Defendant cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d. 627, 632 (9th Cir. 1982); Staronset Shipping Ltd. v. North Star Navigation Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); Andros Compania Maritima, S.A. v. Andre and Cie, S.A., 430 F. Supp. 88 (S.D.N.Y. 1977). See also Drys Shipping Corp. v. Freight of the M.S. DRYS, 558 F.2d 1050 (2d Cir. 1977).

Plaintiff seeks to attach Defendant's assets in the hands of non-parties. In order to attach Defendant's assets in the hands of non-parties, an order of attachment and garnishment is required. Plaintiff therefore respectfully requests that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiff's claim in the London arbitration in the amount of $146,102.00, as nearly as can be estimated at present.

## **CONCLUSION**

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiff should have such other and further relief as is just and proper in the circumstances.

Dated:   New York, New York
        May 31, 2007

                                NOURSE & BOWLES, LLP
                                Attorneys for Plaintiff

                                By: _____
                                   Shaun F. Carroll (SC-9898)
                                One Exchange Plaza
                                At 55 Broadway
                                New York, NY  10006-3030
                                (212) 952-6200